# Hamilton v. Philadelphia, Baltimore and Washington Railroad Company, Appellant.

*Negligence — Railroad companies — Automobile truck — Right angle collision—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for injuries occasioned in consequence of a right angle collision between a motor truck and defendant's locomotive at a crossing, where there was evidence that on approaching the crossing, the driver of the truck stopped, looked and listened before attempting to cross, and that he was then induced to attempt the crossing by the signal of a crossing tender in defendant's employ, and where the evidence was conflicting as to whether the place at which the driver stopped was a proper one from which to view the tracks, the questions of defendant's negligence and of plaintiff's contributory negligence were properly submitted to the jury.

Argued Feb. 7, 1916. Appeal, No. 229, Jan. T., 1915, by defendant, from judgment of C. P. Delaware Co., June T., 1913, No. 254½, on verdict for plaintiff, in case of James M. Hamilton v. Philadelphia, Baltimore and Washington Railroad Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion by BROMALL, J., sur defendant's motion for a new trial and for judgment n. o. v.:

These two actions grow out of the same circumstances. They were tried together. The accident was at a grade crossing of a public road over defendant's railroad. Coulson was the driver in the employment of Hamilton's gasoline truck, a vehicle about thirty feet long. The

railroad of the defendant extends east and west. It consists of two tracks. The public road crosses the railroad at right angles. The truck was proceeding northwardly. The defendant's train was proceeding westwardly on the north track. The collision took place between the locomotive and the rear end of the truck. The jury rendered a verdict on January 15, 1915, in favor of Coulson for six hundred dollars, and in favor of Hamilton for three thousand five hundred and twenty-two dollars and seventy-five cents. The defendant has moved for judgments n. o. v., or for new trials.

The accident occurred on June 7, 1912, shortly after noon. There was evidence from which the jury might have found that as the driver of the truck approached the railroad, he stopped, looked and listened at a point about fifty-five feet from the south rail of the south track, which is about twelve feet from the south rail of the north track, where the collision occurred. There is a difference in the evidence as to what kind of a view of the railroad toward the east could be had at that point. There was a siding on the south side of the south track at the distance of about eleven feet therefrom, extending from the east side of the public road eastwardly. There was a conflict of evidence as to whether a box car was standing on this siding adjoining the public road at the time of the accident. After passing this box car, if it was there, the driver had an undisputed view in the direction of the approaching train of some thirteen hundred feet. The distance he traversed from the siding to the time of the accident was about twenty-four feet to the track, and the distance the vehicle had accomplished the crossing say about twenty-five feet. A train had just passed eastwardly on the south track. The crossing tender had flagged this train from a point on the south side of the south track. The driver and a companion on the truck say that the crossing tender beckoned them to cross, and they started from the stopping place to cross. When the front part of the truck reached the south track

the train was visible.   The truck was then under way, and the driver, thinking that the best probable escape would be to speed the truck and get across ahead of the train, did so, but the rear end of the truck was struck, by which the driver and the truck were injured.   These injuries are the subject matter of these suits.

By these motions the defendant contends that the court should have pronounced as a legal conclusion that the place of stopping in these cases did not comply with the legal requirement to stop, look and listen.   The principle is invoked that where the view at the point of stopping is so far obstructed that the view is useless, the legal requirement is not complied with, Urias v. Penna. R. R. Co., 152 Pa. 326; McKahan v. Balto. & Ohio R. R. Co., 223 Pa. 1; Dehoff v. Northern Cent. Ry. Co., 229 Pa. 192; Darbrinsky v. Penna. Ry. Co., 247 Pa. 177; Wojochoski v. Cent. R. R. Co. of N. J., 10 Pa. Superior Ct. 469; Lohrey v. Penna. R. R. Co., 36 Pa. Superior Ct. 287.   But this principle does not apply where there is merely a better view at some other place: McGill v. Pittsburgh & Western Railway, 152 Pa. 331.   Unless it affirmatively appears by undisputed evidence, that the stopping place was an improper one, the question is for the jury: Ely v. Pittsburgh, Cin., Chicago & St. Louis Ry., 158 Pa. 233.   If there is any doubt as to the stopping place being a proper one, the court cannot rule it, although there may be another place nearer the tracks where a better view could be had: Muckinhaupt v. Erie R. R., 196 Pa. 213.   We do not see how the court can pronounce the legal conclusion in this case that the stopping place was an improper one.   This question was referred to the jury, and their conclusion is not so manifestly wrong as to require our interference.   If a new trial were granted, this question would have to be referred to another jury with probably the same result.

The foregoing conclusion is reached without regard to the evidence that the defendant's crossing tender invited the driver to cross.   Such invitation to cross does not re-

lieve the traveller from the unbending and imperative rule to stop, look and listen: Greenwood v. Philadelphia, Wilm. & Balto. R. R. Co., 124 Pa. 572; Lake Shore & Mich. So. Ry. Co. v. Frantz, 127 Pa. 297; Messinger v. Penna. R. R. Co., 215 Pa. 497. While a traveller has performed the primary duty of stopping, looking and listening, yet it is also his duty to continue to look and listen in approaching and making the crossing. Whether this duty is performed is generally a question for the jury, but circumstances may show such a gross violation of this duty, that a court may be called upon to rule it as negligence per se. Just here is where the alleged action of the crossing tender operates, to reduce a case of negligence per se to a request of negligence in fact. That is to say, if the traveller is invited to cross it may lure him into a less rigid exercise of the duty of continuous looking and listening: Ayers v. Pittsburgh, Cin., Chicago & St. Louis Ry. Co., 201 Pa. 124; McCarthy v. Philadelphia & Reading Ry. Co., 211 Pa. 193. The evidence as to the action of the crossing tender was referred to the jury to be considered in its bearing upon the driver's contributory negligence, as well as upon the question of the defendant's negligence. We see no error in this.

It is urged that the evidence in favor of the defendant is so preponderating that there ought to be a new trial. To do so would, in our judgment, invade the province of the jury.

Verdict for plaintiff for $3,522.75 and judgment thereon.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*John B. Hannum,* for appellant.

*John M. Broomall,* for appellee.

PER CURIAM, March 13, 1916:

We are not convinced that the learned trial judge erred in submitting the case to the jury, and the judgment is affirmed on the opinion of the court below overruling the defendant's motions for judgment n. o. v. and for a new trial.